## SETTLEMENT AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **DAYSI MARILYN MARTINEZ LANDAVERDE** (hereinafter referred to as "Plaintiff") and **DANISH FOODS 1 INC., and HUSAIN SULTAN ALI, as an individual** (hereinafter referred to as "Defendants") regarding Plaintiff's employment and the settlement of any and all wage-and-hour related claims that Plaintiff has or may have against Defendants.

**WHEREAS**, Plaintiff has commenced an action against Defendants in the Eastern District of New York, United States District Court, bearing Docket No.: **25-cv-6722** alleging wage and hour violations under the Fair Labor Standards Act and New York Labor Law.

**WHEREAS**, Defendants deny that they failed to pay Plaintiff all wages owed to her;

**WHEREAS**, Defendants do not admit any violation of law or any liability to Plaintiff;

**WHEREAS**, Plaintiff and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE**, in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiff, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1.    **Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiff and in consideration for Plaintiff's execution of this Agreement, which includes a release, Defendants agree to the following payment terms:

a.    Defendants shall cause Plaintiff to be paid the gross sum of **Twenty-Seven Thousand Five Hundred Dollars and Zero Cents ($27,500.00)** inclusive of attorneys' fees and costs ("Settlement Funds"), payable as follows:

   i.    **First Installment:** *Within thirty (30) days of Court approval of the Settlement Agreement*, Defendants shall provide payment in the amount of **Nine Thousand One Hundred Sixty-Six Dollars and Sixty-Seven Cents ($9,166.67)** by issuing:

   (a) one check payable to **Daysi Marilyn Martinez Landaverde** in the amount of **Five Thousand Nine Hundred Five Dollars and Eighty-Nine Cents ($5,905.89)**, and

   (b) one check payable to **Helen F. Dalton & Associates, P.C.** in the amount of **Three Thousand Two Hundred Sixty Dollars and Seventy-Eight Cents ($3,260.78)**.

   ii.   2nd to 3rd Installment: Within 30 days of the Payment Due Date in Paragraph 1(a)(i) and continuing every 30 days for **2** months until the remaining settlement

1

amount is paid in full, Defendants shall provide payment in the amount of **Nine Thousand One Hundred Sixty-Six Dollars and Sixty-Seven Cents ($9,166.67)** by issuing:

(a) one check payable to **Daysi Marilyn Martinez Landaverde** in the amount of **Five Thousand Nine Hundred Five Dollars and Eighty-Nine Cents ($5,905.89)**, and

(b) one check payable to **Helen F. Dalton & Associates, P.C.** in the amount of **Three Thousand Two Hundred Sixty Dollars and Seventy-Eight Cents ($3,260.78)**.

b. The Settlement Funds will be provided to the Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415.

c. Defendants make no representations regarding the tax treatment, taxability, and/or non-taxability of the payments referenced in Paragraph 1(a)(i)-(ii). Plaintiff understands and agrees that they shall be solely responsible for the payment of any and all federal, state, and/or local taxes, including any interest and/or penalties assessed thereon, associated with payments referenced in Paragraph 1(a)(i)-(ii). The Plaintiff is solely responsible for any and all New York State and Federal income taxes which may be due as a result of the aforementioned settlement payment and agrees to indemnify and hold harmless the Defendants, and each of them, against any liability imposed by any State or Federal tax authority.

## 2.    **Confession of Judgment**

a. Upon signing of this settlement agreement, Defendants shall execute a Confession of Judgment, jointly and severally, in the amount of **Forty-One Thousand Two Hundred Fifty  Dollars and Zero Cents ($41,250.00)** (attached as **Exhibit A**), less 150% of the total amount of any payments made pursuant to this Agreement, and counsel for the Plaintiff, Helen F. Dalton & Associates, P.C. shall hold the Confession of Judgment in escrow pending the entire payment of the funds set forth in Paragraph 1.

b. In the event Defendants are in default of any of the payments in Paragraph 1 of this Agreement, Plaintiff shall provide fifteen (15) calendar days written notice to Defendants' counsel, Eric Su, Esq., via electronic mail (**esu@sillscummis.com**) of the default. If Defendants do not cure the defect within fifteen (15) calendar days of receipt of the notice, then all settlement monies owed under this Agreement shall be immediately due in their entirety.

c. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiff for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the

judgment, and interest on the judgment.

d.    Should the Confession of Judgment be entered under this section, Defendants shall be jointly and severally liable for the amount set forth in the Confession of Judgment.

e.    Upon payment of the entire Settlement Funds outlined in Paragraph 1, Plaintiff shall return the Confession of Judgment to Defendants' counsel or destroy same and shall confirm that all payments have been made.

**3.    Stipulation of Dismissal**

The Plaintiff shall file a stipulation of dismissal with prejudice as to all claims brought in this action within seven (7) business days of Plaintiff's counsel's receipt of the first installment due in Paragraph 1(a)(i)(a)&(b). Notwithstanding the filing of the Stipulation of Dismissal, the parties agree that this Court, the United States District Court, Eastern District of New York, will retain jurisdiction over this matter in the event either party defaults with respect to their obligations under the Agreement and to enforce the terms of the Agreement.

**4.    Settlement of Claims**

Except as otherwise stated, upon execution of this Agreement, all claims brought, or which could have been brought, under the Complaint (**Docket No.: 25-cv-6722**) by Plaintiff against Defendants, including claims for wages, liquidated damages, statutory penalties and attorneys' fees and without admission that Plaintiff has established that any such claims have any merit or that Plaintiff has incurred any damages, shall be deemed settled, satisfied and resolved.

**5.    Non-Admission**

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiff expressly acknowledge that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

**6.    Representations**

Plaintiff understands and agrees that she has been advised to consult with an attorney before signing this Agreement.

**7.    Release**

In consideration of the payments to be provided by Defendants as described in the Agreement, Plaintiff, for herself, her heirs, executors, administrators and her respective successors and assigns, **HEREBY RELEASES AND FOREVER DISCHARGES**, to the maximum extent permitted by law, Defendants, Defendants' corporations, their respective current and former officers, owners, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns, attorneys, whether as individuals or in their official capacity,

3

and each of their respective successors and assigns of and from all or any manner of actions, causes and causes of action, suits, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), whatsoever at law or in equity ("claims"), which were alleged in the Complaint filed in this action, specifically including Fair Labor Standards Act (the "FLSA") and New York Labor Law ("NYLL"), and its associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage notice or wage statements, or based on or arising out of any acts, omissions, conduct, thing or matter from the beginning of time up to and including the date the District Court dismisses the Action with prejudice, (a) relating to or arising out of wages, hours, overtime, or wage deductions, and (b) arising under or for alleged violations of the Fair Labor Standards Act and/or the New York Labor Law or associated regulations and laws. This release and waiver include any claim for attorneys' fees, expenses and costs in connection with any of the claims released hereby which Plaintiff ever had or now has against the Defendants.

## 8.    Attorneys' Fees

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

## 9.    Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to Plaintiff's employment with Defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

## 10.    Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

## 11.    Effective Date

This Agreement and Release shall become effective immediately upon Court approval.

## 12.    Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

**PLAINTIFF:**

_Daysi Martinez (Mar 20, 2026 10:24:40 EDT)_

**DAYSI MARILYN MARTINEZ LANDAVERDE**

Date: 03/20/2026

**DEFENDANTS:**
**DANISH FOODS 1 INC., and HUSAIN SULTAN ALI, as an individual**

**HUSAIN SULTAN ALI,** Agent Authorized to sign on behalf of **DANISH FOODS 1 INC.**

Date:_____

**HUSAIN SULTAN ALI,** as an individual

Date:_____

5

<u>**PLAINTIFF:**</u>

_____
**DAYSI MARILYN MARTINEZ LANDAVERDE**

**Date:** _____

<u>**DEFENDANTS:**</u>
**DANISH FOODS 1 INC.**, and **HUSAIN SULTAN ALI**, as an individual

_____
**HUSAIN SULTAN ALI**, Agent Authorized to sign on behalf of **DANISH FOODS 1 INC.**

**Date:** 3/19/26

_____
**HUSAIN SULTAN ALI**, as an individual

**Date:** 3/19/26

5

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
DAYSI MARILYN MARTINEZ LANDAVERDE ,
individually and on behalf of all others similarly situated,

                                       Plaintiff,                    **AFFIDAVIT OF**
                                                                 **CONFESSION OF**
      -against-                                                    **JUDGMENT**

DANISH FOODS 1 INC., and HUSAIN SULTAN ALI, as      **25-cv-6722**
an individual,

                                        Defendants.
-----------------------------------------------------------------------X

    I, **HUSAIN SULTAN ALI**, being duly sworn, deposes and says:

1. I am an individual Defendant and an agent of the corporate Defendant, DANISH FOODS 1 INC., in the above action.

2. My full legal name is _____ and I reside at _____ .
                          (Home Address, City, State, Zip Code)

3. I, as an individual, hereby confesses judgment in this Court in favor of the Plaintiff for the sum of **Forty-One Thousand Two Hundred Fifty Dollars and Zero Cents ($41,250.00)** in this matter, less total amount previously paid in accordance with the amicable resolution of the action between these parties pending in the Eastern District of New York bearing Docket No. 25-cv-6722 (the "Litigation") and hereby authorizes Plaintiff or her heirs, executors, administrators, or assigns to enter judgment for that sum against **HUSAIN SULTAN ALI** and/or _____ **(full legal name)**.

4. I, as an authorized agent of DANISH FOODS 1 INC., hereby confesses judgment in this Court in favor of the Plaintiff, for the sum of **Forty-One Thousand Two Hundred Fifty Dollars and Zero Cents ($41,250.00)** in this matter, less total amount previously paid in accordance with the amicable resolution of the Litigation and hereby authorizes Plaintiff or her heirs, executors, administrators, or assigns to enter judgment for that sum against DANISH FOODS 1 INC.

5. This confession of judgment is for a debt justly due to the Plaintiff arising out of the following facts:

Plaintiff commenced the Litigation pursuant to the Fair Labor Standards Act and the New York Labor Law, alleging, *inter alia*, that Defendants (as Plaintiff's employer) failed to pay proper overtime wages when Plaintiff worked over 40 hours in a particular work week, failed to pay the appropriate minimum wage and any spread of hours pay. Defendants denied and continue to deny that Plaintiff is entitled to any recovery against Defendants. The Litigation was amicably resolved by the Defendants agreeing to pay a total of Twenty-Seven Thousand Five Hundred Dollars and Zero Cents ($27,500.00) pursuant to the following payment schedule:

    i. The Settlement amount shall be paid in three (3) equal and consecutive monthly installments of $9,166.67 each installment to be paid within thirty (30) days of the Court's approval of the parties' Settlement Agreement, and every thirty (30) days thereafter until the settlement fund is paid in full.

6. In the event Defendants are in default of any of the payments in Paragraph 1 of this Agreement, Plaintiff shall provide fifteen (15) calendar days written notice to be delivered via electronic mail to Eric Su, Esq. at **esu@sillscummis.com**. If Defendants do not cure the defect within fifteen (15) calendar days of receipt of the notice, all amounts payable herein shall be accelerated and Plaintiff shall be permitted to file the confessions of judgment with the Clerk of the Eastern District of New York and/or in a Court of competent jurisdiction in the amount of $41,250.00, less 150% of the total amount previously paid by Defendants pursuant to this Agreement.

7. In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiff for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment. Defendants shall be jointly and severally liable for the amounts set forth in this Confession of Judgment.

8. This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability, nor is it based upon a consumer credit transaction.

_____
HUSAIN SULTAN ALI, as an individual

Date: 3/19/2026

Sworn to before me this
19th day of March, 2026

_____
Notary Public

ANUJ P DOSHI
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01DO6137315
QUALIFIED IN QUEENS COUNTY
MY COMMISSION EXPIRES NOVEMBER 21, 2029

**HUSAIN SULTAN ALI**, as an agent authorized to execute on behalf of **DANISH FOODS 1 INC.**

Date: 3/19/2026.

Sworn to before me this
19th day of March, 2026

_____
Notary Public

ANUJ P DOSHI
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01DO6137315
QUALIFIED IN QUEENS COUNTY
MY COMMISSION EXPIRES NOVEMBER 21, 2029